# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SONNY AMES BAEZ,

        Petitioner,        Case Number: 08-CV-13665

v.        HONORABLE STEPHEN J. MURPHY, III

NICK J. LUDWICK,

        Respondent.
                                      /

## OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND (2) ADMINISTRATIVELY CLOSING CASE

Petitioner Sonny Ames Baez filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is a state inmate currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, challenges his conviction for first-degree home invasion. Now before the court is Petitioner's "Motion to Hold Habeas Petition in Abeyance."

I.    Facts and Procedural Posture

Following a jury trial in Kent County Circuit Court, Petitioner was convicted of first-degree home invasion. He was sentenced to fifteen to fifty years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

    I.    Mr. Baez is entitled to appellate review of his sentence for first-degree home invasion because the 15 to 50 years term of imprisonment imposed in the case at bar is disproportionate to the offense and this offender and an abuse of sentencing discretion despite being in accord with the statutory sentencing guidelines.

II. Defense trial counsel was constitutionally ineffective in failing to challenge the chain of evidence on the spent .22 casing delivered to the police after the police had already left and searched the house.

III. A hearing must be ordered to allow appellant to show that his conviction must be reversed as appellant was denied the effective assistance of counsel guaranteed by the Federal and State Constitutions (U.S. Const. Amend VI; Const. 1963, Art. I, § 20) where his trial attorney, with no strategic purpose, made several outcome-determinative errors.

IV. The prosecutor violated defendant's right to remain silent and denied him a fair trial by admitting evidence of defendant's exercise of his right to remain silent. Defendant Baez was denied a fair trial where the prosecutor used defendant's constitutional right to remain silent as substantive evidence of guilt in his case in chief.

V. Mr. Baez was denied his right to a fair trial by the cumulative effect of the errors.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Baez,* No. 256121 (Mich. Ct. App. Nov. 22, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The application was denied. *People v. Baez*, No. 130514 (Mich. May 30, 2006). Petitioner filed a motion for reconsideration, which the Michigan Supreme Court denied on August 29, 2006.

In December 2006, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court, raising the following claims:

I. Defendant Baez's references to the record and supporting facts demonstrate that the failure of his appellate counsel, as set forth below, to raise the issues presented in this Rule 6.500 action constitutes ineffective assistance of counsel and satisfies the requirement that he show "cause" and "prejudice" under court rule 6.508(D)(3)(a).

II. Defendant Baez was deprived of his liberty without due process of law, his right to a fair trial, and his confrontation rights were violated by the admission of a testimonial statement from an out of court declarant.

2

> III. Where there was ample evidence to support the primary defense theory the court reversibly erred and denied defendant his state and federal constitutional rights to due process and a fair trial, where the trial court failed to sua sponte instruct the jury regarding defendant's defense of claim of right. Alternatively, defense counsel's failure to request an instruction on the defense of claim of right or to object to the trial judge's failure to instruct on that defense denied defendant his federal and state constitutional right to the effective assistance of counsel.
>
> IV. The trial court violated appellant's due process rights at sentencing by mis-scoring OV-1, OV-2 of the sentencing guidelines where appellant possessed a BB gun that did not meet the statutory definition of a "firearm," and mis-scoring OV-9. In addition, the trial court erred in scoring fifty points for PRV 1. Alternatively, defendant was denied the effective assistance of counsel where defense counsel failed to object to the erroneous calculation of the sentencing guideline range.

The Kent County Circuit Court denied the motion. *People v. Baez*, No. 03-11789-FH (Kent County Circuit Court May 29, 2007).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Baez*, No. 280564 (Mich. Ct. App. Apr. 4, 2008). The Michigan Court of Appeals denied a subsequent motion for reconsideration. *People v. Baez*, No. 280564 (Mich. Ct. App. May 9, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. That matter remains pending.

Petitioner filed the pending petition for a writ of habeas corpus on August 20, 2008, raising all the claims raised on direct review in state court and in his motion for relief from judgment. The Court issued an Order to Correct Deficiency because Petitioner failed to pay the $5.00 filing fee or to apply for leave to proceed *in forma pauperis*. The deficiency has now been corrected by payment of the $5.00 filing fee.

Now before the Court is Petitioner's Motion to Hold Habeas Petition in Abeyance.

II. Analysis

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that four of the claims raised in his habeas corpus petition have not yet been fully exhausted in state court. He is in the process of exhausting these claims as they are the subject of an application for leave to appeal the trial court's denial of his motion for relief from judgment currently pending in the Michigan Supreme Court. Petitioner asks the Court to stay the pending petition until these claims are fully exhausted in state court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner states that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of

4

state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner, whose application for collateral review is currently pending in state court, must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

III. Conclusion

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Hold Habeas Petition in Abeyance" [dkt. #2] is **GRANTED**. Petitioner shall file a motion to lift the stay and an amended petition in this court within sixty days after the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the court may order the Clerk to reopen this case for statistical purposes.

                                    s/Stephen J. Murphy, III
                                    STEPHEN J. MURPHY, III

United States District Judge

Dated: December 5, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2008, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager