UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONNY BAEZ,

        Petitioner,                      Case Number: 2:08-CV-13665

v.                                            HONORABLE STEPHEN J. MURPHY, III

KENNETH T. MCKEE,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Sonny Baez's petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. Baez, presently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, challenges his conviction for first-degree home invasion. The Court denies habeas relief.

**I. FACTS**

Baez's conviction arises from a home invasion at the home of Monica Arizola in Grand Rapids, on October 1, 2003. Jonathan Betts testified that he lived in Arizola's home. On the evening of October 1, 2003, he heard the front doorbell ring. He saw Baez standing on the front steps and opened the front door slightly. Betts testified that Baez pushed his way into the house and pulled what appeared to be a BB gun. Baez asked for Arizola, but Betts said she was not home, although she was asleep in her bedroom. Baez's girlfriend, Michelle Balderas entered the home, tried to clam Baez and convince him to leave. Baez fired a shot at the living room floor and then left.

Monica Arizola testified that late in the evening of October 1, 2003, she was

awakened by yelling in the living room of her home. She called 911. Shortly after she called police, she heard a loud noise that sounded like a pop gun. Minutes later, Betts came to her bedroom and told her that Baez had been waving a gun around the home. Police arrived and noted a small hole in the floor of the living room, initially believed to have been caused by a BB gun pellet. After police left, a shell casing was found in the dining room, about four feet from the site of the hole. Arizola contacted police to report this discovery.

Baez testified in his own defense. He testified that he went to Arizola's house at approximately 6:00 p.m., to retrieve rings that he had pawned to Arizola for $50. However, he only had $40, so Arizola refused to return the rings. Baez testified that he returned to the home at approximately 11:30 that night, with the entire amount owed. He testified that his girlfriend, Michelle Balderas approached the house with him. She knocked on the door and both she and Baez were admitted into the house by Betts. Balderas did most of the talking, reporting that Baez now had the entire $50 and wanted his rings returned. Betts denied that Arizola was home and would not return the rings in Arizola's absence. Eventually, he and Balderas left. Baez denied forcing his way into the home, denied carrying a weapon, and denied firing a weapon in the home.

## II. PROCEDURAL HISTORY

Following a jury trial in Kent County Circuit Court, Baez was convicted of first-degree home invasion. He was sentenced as a fourth habitual offender to fifteen to fifty years' imprisonment.

Baez filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

I. Mr. Baez is entitled to appellate review of his sentence for first-degree home invasion because the 15 to 50 years term of imprisonment imposed in the case at bar is disproportionate to the offense and this offender and an abuse of sentencing discretion despite being in accord with the statutory sentencing guidelines.

II. Defense trial counsel was constitutionally ineffective in failing to challenge the chain of evidence on the spent .22 casing delivered to the police after the police had already left and searched the house.

III. A hearing must be ordered to allow appellant to show that his conviction must be reversed as appellant was denied the effective assistance of counsel guaranteed by the Federal and State Constitutions (U.S. Const. Amend VI; Const. 1963, Art. I, § 20) where his trial attorney, with no strategic purpose, made several outcome-determinative errors.

IV. The prosecutor violated defendant's right to remain silent and denied him a fair trial by admitting evidence of defendant's exercise of his right to remain silent. Defendant Baez was denied a fair trial where the prosecutor used defendant's constitutional right to remain silent as substantive evidence of guilt in his case in chief.

V. Mr. Baez was denied his right to a fair trial by the cumulative effect of the errors.

The Michigan Court of Appeals affirmed Baez's convictions. *People v. Baez,* No. 256121 (Mich. Ct. App. Nov. 22, 2005).

Baez filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The application was denied. *People v. Baez*, No. 130514 (Mich. May 30, 2006). Baez filed a motion for reconsideration, which the Michigan Supreme Court denied on August 29, 2006.

In December 2006, Baez filed a motion for relief from judgment in the Kent County Circuit Court, raising the following claims:

I. Defendant Baez's references to the record and supporting facts demonstrate that the failure of his appellate counsel, as set forth below, to raise the issues presented in this Rule 6.500 action constitutes ineffective assistance of counsel and satisfies the requirement that he show "cause" and "prejudice"

      under court rule 6.508(D)(3)(a).

II.     Defendant Baez was deprived of his liberty without due process of law, his right to a fair trial, and his confrontation rights were violated by the admission of a testimonial statement from an out of court declarant.

III.    Where there was ample evidence to support the primary defense theory the court reversibly erred and denied defendant his state and federal constitutional rights to due process and a fair trial, where the trial court failed to sua sponte instruct the jury regarding defendant's defense of claim of right. Alternatively, defense counsel's failure to request an instruction on the defense of claim of right or to object to the trial judge's failure to instruct on that defense denied defendant his federal and state constitutional right to the effective assistance of counsel.

IV.    The trial court violated appellant's due process rights at sentencing by mis-scoring OV-1, OV-2 of the sentencing guidelines where appellant possessed a BB gun that did not meet the statutory definition of a "firearm," and mis-scoring OV-9. In addition, the trial court erred in scoring fifty points for PRV 1. Alternatively, defendant was denied the effective assistance of counsel where defense counsel failed to object to the erroneous calculation of the sentencing guideline range.

The Kent County Circuit Court denied the motion. *People v. Baez*, No. 03-11789-FH (Kent County Circuit Court May 29, 2007).

Baez filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Baez*, No. 280564 (Mich. Ct. App. Apr. 4, 2008). The Michigan Court of Appeals denied a subsequent motion for reconsideration. *People v. Baez*, No. 280564 (Mich. Ct. App. May 9, 2008).

Baez filed an application for leave to appeal in the Michigan Supreme Court. While that application was pending, he filed a habeas corpus petition in this Court. The Court stayed and administratively closed the matter pending exhaustion of state court remedies. The Michigan Supreme Court denied leave to appeal, *People v. Baez*, 482 Mich. 1032 (Mich. Oct. 27, 2008), and denied a motion for reconsideration. *People v. Baez*, 483 Mich.

981 (Mich. Apr. 29, 2009).

Baez then moved to reopen these proceedings. The Court granted the motion. He now raises these claims in his petition:

I. Mr. Baez is entitled to appellate review of his sentence for first-degree home invasion because the 15 to 50 year term of imprisonment imposed in the case at bar is disproportionate to the offense and this offender and an abuse of sentencing discretion despite being in accord with the statutory sentencing guidelines.

II. Defense trial counsel was constitutionally ineffective in failing to challenge the chain of evidence on the spent .22 casing delivered to the police after the police had already left and searched the house.

III. The prosecutor violated defendant's right to remain silent and denied him a fair trial by admitting evidence of defendant's exercise of his right to remain silent. Defendant Baez was denied a fair trial where the prosecutor used defendant's constitutional right to remain silent as substantive evidence of guilt in his case in chief.

IV. Mr. Baez was denied his right to a fair trial by the cumulative effect of the errors.

V. Defendant Baez's reference to the record and supporting facts demonstrate that the failure of his appellate counsel to raise the issues presented in this rule 6.500 action constitutes ineffective assistance of counsel and satisfies the requirement that he show "cause" and "prejudice" under Court Rule 6.508(d)(3)(a).

VI. Defendant Baez was deprived of his liberty with due process of law, his right to a fair trial, and his confrontation rights were violated by the admission of a testimonial statement from an out of court declarant.

VII. Where there was ample evidence to support the primary defense theory the court reversibly erred and denied defendant his state and federal constitutional rights to due process and a fair trial, where the trial court failed to *sua sponte* instruct the jury regarding defendant's defense of claim of right. Alternatively, defense counsel's failure to request an instruction on the defense of claim of right or to object to the trial judge's failure to instruct on that defense denied defendant's his federal and state constitutional right to the effective assistance of counsel.

VIII. The trial court violated appellant's due process rights at sentencing by

> mis-scoring OV-1, OV-2 of the sentencing guidelines where appellant possessed a BB gun that did not meet the statutory definition of a "firearm" and mis-scoring OV-9. In addition, the trial court erred in scoring fifty points for PRV 1. Alternatively, defendant was denied the effective assistance of counsel where defense counsel failed to object to the erroneous calculation of the sentencing guideline range.

### III. DISCUSSION

A. <u>Standard</u>

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).

However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an

7

issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### B. Procedural Default

Respondent argues that certain of Baez's claims are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of Baez's claims.

### C. Sentencing Claims

Baez's first and last claims relate to his sentence. He argues that the sentence, while within the statutory sentencing guidelines, is disproportionate to his offense. He also argues that Offense Variables (OV) 1 and 2, and prior record variable (PRV) 2 were incorrectly scored.

The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001

(1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). "The Supreme Court has articulated a 'narrow proportionality principle' whereby it held that only 'extreme sentences that are grossly disproportionate to the crime are prohibited.'" *United States v. Flowal*, 163 F.3d 956, 963 (6th Cir. 1998) (quoting *Harmelin*, 501 U.S. at 995-97). *See also* Graham v. Florida, 560 U.S. —, —, 130 S.Ct. 2011, 2021–22 (2010) (recognizing that embodied in the Eighth Amendment's cruel and unusual punishment ban is the "precept of justice that punishment for [a] crime should be graduated and proportioned to [the] offense"). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008), *quoting United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).

This Court defers to the decision of a state court when a sentence falls within the applicable guidelines range. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000) ("A sentence within the statutory maximum . . . generally does not constitute cruel and unusual punishment.") (internal quotation omitted). Baez was sentenced as a habitual offender, fourth offense. Under Michigan law, a fourth habitual offender who is convicted of an offense punishable by a term of imprisonment of 5 years or greater may be sentenced to imprisonment of up to life. Mich. Comp. Laws § 769.12. The maximum sentence for first-degree home invasion is 20 years. Mich. Comp. Laws § 750.110a. Therefore, Baez's sentence is within the statutory maximum. As long as the sentence remains within the

statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949). The Court finds that Baez has not shown that his sentence is grossly disproportionate to his crime.

Baez also challenges his sentence on the grounds that OV1, OV2, and PRV2 were incorrectly scored. It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Baez's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall,* 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(same); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (same). Therefore, habeas corpus relief is not available for this claim.

D.  Ineffective Assistance of Trial Counsel

Baez argues that counsel was ineffective in failing to challenge the admissibility of a .22 caliber shell casing that was found on the floor in Arizola's home after police left. Baez argues that the shell casing was admitted without proper foundation and, had defense counsel objected, the evidence would have been suppressed. He also argues that counsel

was ineffective in failing to object to the scoring of OV1, OV2, and PRV2.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

The Michigan Court of Appeals held that counsel was not ineffective in failing to object to admission of the shell casing. The state court held that the shell casing was properly admitted because, under Michigan Rule of Evidence 402, all relevant evidence is admissible and the shell casing was relevant to the allegations that Baez was armed and

fired a gun in the house. The Michigan Court of Appeals further held that "admission of evidence does not require a perfect chain of custody. . . . Any deficiency in the chain of custody is addressed to the weight of the evidence rather than its admissibility . . ." *Baez*, 2005 WL 3116033 at 2-3. Defense counsel did not challenge the shell's admissibility, but, in closing, argued that the shell should not be given great weight because it was found by those making accusations against Baez rather than the police. The Michigan Court of Appeals held that counsel was not ineffective.

The shell casing was admissible under state law as determined by the state court. Counsel cannot be ineffective for failing to object to the admission of properly admitted evidence. *See Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006). Similarly, on collateral review, the trial court found that the offense and prior record variables were correctly scored. Therefore, counsel was not ineffective in failing to raise a meritless objection. Habeas relief is denied on this claim.

E. <u>Use of Post-Arrest Silence</u>

Baez argues that the prosecutor impermissibly used his post-arrest silence as substantive evidence of his guilt. On direct examination, Baez testified that he went to Arizola's house to attempt to retrieve the rings he had pawned. He testified that he carried no weapon. On cross-examination, the prosecutor asked why he failed to tell police this story. Baez specifically identifies the following as improper:

> Prosecutor: So why, when the police are arresting you on the corner, just walking down the street, all you did was go and have a conversation, that you were fully led into the home, why didn't you tell the police?

Tr., 4/22/04 at 57.

Counsel objected to this question. After a brief sidebar, the objection was sustained and the parties moved on.

Baez also objects to the following exchange:

Prosecutor: You've now waived your Fifth Amendment right, and you're speaking to us today?

Baez: Yes.

Prosecutor: But this is the first time we've heard your story, isn't it?

Baez: Yes.

Prosecutor: Isn't [it] true that you and Michelle discovered what the elements of the crime were and decided to change the story, not just to change it from a .22 to a BB gun, which is what she was afraid of back then, but now to change it that you never had a gun, isn't that true?

Baez: No, that is not true.

*Id.* at 49-50.

A prosecutor may not comment on a defendant's post-arrest silence as substantive evidence of his guilt of the crime. *Doyle v. Ohio*, 426 U.S. 610, 619 (1976). "[T]he use ... of [a defendant's] silence, at the time of arrest and after receiving *Miranda* warnings, violate[s] the Due Process Clause of the Fourteenth Amendment." *Id.* at 619. Where the record is silent with respect to whether a defendant received *Miranda* warnings, comments on a defendant's post-arrest silence do not violate due process. *United States v. Christian*, 404 F. App'x 989, 992-93 (6th Cir. 2010) (citing *Fletcher v. Weir*, 455 U.S. 603, 607 (1982)). Here, the Michigan Court of Appeals held that there was no indication that Baez invoked his Fifth Amendment right to silence after receiving *Miranda* warnings. In addition, Baez's silence was not used by the prosecutor as substantive evidence of his guilt. Instead, it was a response to Baez's claim that he went to Monica Arizola's house to

retrieve rings he had pawned to her rather than to dispute an eviction notice that had been served by Arizola earlier in the day.

Finally, even assuming that this testimony violated Baez's Fifth Amendment right to remain silent, he is still not entitled to relief. For purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993). The Court finds that these isolated remarks, not referenced by the prosecutor in closing argument nor revisited during any other portion of the trial did not have a substantial and injurious influence in determining the jury's verdict. Habeas relief is denied.

F. Confrontation Clause

Next, Baez argues that his rights under the Confrontation Clause were violated when police officer Marla Reith testified as to the statements of a forensic technician who did not testify at trial. He argues that the state courts' denial of this claim is contrary to *Crawford v. Washington,* 541 U.S. 36 (2004). In *Crawford*, the Supreme Court held that certain out-of-court statements are barred by the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity for cross-examination, even if the trial court finds the statements to be otherwise reliable. *Id.* at 68. This rule applies only to out-of-court statements that are "testimonial" in nature. *See Whorton v. Bockting*, 549 U.S. 406, 419–20 (2007). Laboratory reports are considered "testimonial statements." *Melendez–Diaz v. Massachusetts*, 557 U.S. —, 129 S.Ct. 2527, 2532 (2009). However, no forensics report was admitted into evidence in this case, nor were the contents of a

report testified to at trial. Instead, Officer Reith testified as follows:

> So I went back to look at the shell casing and called our forensics out, who took the shell casing as evidence, and then figuring that the actual hole in the flooring was from a .22-caliber, which is what the shell casing was, instead of a BB gun, we went back to talk to her [Balderas] again.

Tr., 4/21/04 at 72.

A fair reading of this testimony is that Officer Reith testified that forensics took the shell casing as evidence and that the conclusion that the hole in the floor was caused by a .22 caliber weapon was Officer Reith's inference based upon the discovery of the shell casing. Baez argues that Officer Reith instead testified that the forensic analysis concluded that the hole was caused by a .22 caliber weapon. His argument, however, is based upon a misquoted transcript excerpt. In his brief, Baez quotes Officer Reith's testimony as being that "the forensic technician determine[d] that the actual hole in the floor was from a .22 caliber gun." This is an incorrect quotation. There was no Confrontation Clause violation where neither the contents of the report nor any report itself was admitted into evidence.

Moreover, even if Officer Reith's testimony can fairly be read as relating the contents of the report, habeas relief may not be granted. The trial court, in its order denying Baez's motion for relief from judgment, found no Confrontation Clause violation occurred. Habeas relief may be granted only if the state court's decision was contrary to or an unreasonable application of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The applicability of the Confrontation Clause to lab test results was not clearly established until *Melendez–Diaz* was decided in 2009. *See Meras v. Sisto*, 676 F.3d 1184, 1188 (9th Cir. 2012) (recognizing that the question whether

forensic lab reports are testimonial sharply divided state and federal appellate courts until the Supreme Court resolved the issue in *Melendez-Diaz*). Thus, at the time Baez's conviction became final, no clearly established Supreme Court precedent barred the admission of forensic evidence without the in-court testimony of the forensic analyst. Habeas relief is denied on this claim.

    G.    <u>Jury Instructions</u>

Baez next argues that the trial court erred in failing to give a claim-of-right jury instruction. He argues that this instruction was supported by his testimony that he entered the home to retrieve property that he believed, in good faith, was his.

"In a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement. Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (internal citation omitted). An erroneous jury instruction warrants habeas corpus relief only where the instruction "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991), (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). "[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional] right." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The jury instruction "'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72 (quoting *Cupp*, 414 U.S. at 147).

The trial court, in denying Baez's motion for relief from judgment, held that the evidence presented did not support a claim-of-right instruction because Baez was convicted

16

of first-degree home invasion with the underlying felony of assault, not larceny. *Accord People v. Hunt*, No. 295967, 2011 WL 923547, *7 (Mich. Ct. App. March 17, 2011) (holding that where a defendant is charged with first-degree home invasion with an underlying felony of assault a claim-of-right instruction is inapplicable). It is outside the province of a federal court, on habeas review, to second-guess a state court's interpretation of state law. *Davis v. Morgan*, 89 F. App'x 932, 936 (6th Cir. 2003). Where a state appellate court has assessed the necessity of a particular jury instruction under state law, a federal habeas court cannot question that state-law finding. *Id.* Therefore, this claim fails to state a claim upon which habeas relief may be granted.

      H.    <u>Ineffective Assistance of Appellate Counsel</u>

Baez alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. As discussed above, the Court addressed the merits of Baez's claims rather than addressing the question of procedural default. Nevertheless, the Court will briefly address the ineffective assistance of appellate counsel claim.

Baez claims that appellate counsel was ineffective in failing to raise on direct review the claims Baez raised on collateral review and in his habeas petition. Baez has failed to show that any of these claims were potentially meritorious. Therefore, Baez cannot show that his appellate attorney was ineffective for failing to raise them on direct appeal.

      I.    <u>Cumulative Effect</u>

Finally, Baez claims that the cumulative effect of the alleged errors rendered his trial fundamentally unfair in violation of due process. The cumulative weight of alleged constitutional trial errors in a state criminal proceeding does not warrant federal habeas relief because there is no clearly established federal law permitting or requiring the

cumulation of distinct constitutional claims to grant habeas relief. *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005). Therefore, habeas relief is denied on this claim.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. CONCLUSION

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED**.


S/Stephen J. Murphy, III  
Stephen J. Murphy, III  
United States District Judge

Dated: August 31, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 31, 2012, by electronic and/or ordinary mail.

                                        S/Carol Cohron
                                        Case Manager